IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ANDREA POPE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-14-1009-D |
| | ) | |
| STATE FARM FIRE AND CASUALTY | ) | (District Court of Cleveland County, |
| COMPANY, *et al.*, | ) | Oklahoma, Case No. CJ-2013-1241) |
| | ) | |
| Defendants. | ) | |

**O R D E R**

This matter is before the Court on Plaintiff's Motion to Remand [Doc. No. 7]. Plaintiff asserts that the Notice of Removal was not timely filed by Defendant State Farm Fire and Casualty Company ("State Farm"), that State Farm waived its right of removal, and that its allegations and evidence of fraudulent joinder of a nondiverse defendant are insufficient. State Farm has timely opposed Plaintiff's Motion and filed its Alternative Motion to Conduct Jurisdictional Discovery and for Stay of Ruling on Plaintiff's Motion to Remand [Doc. No. 14]. Both motions are fully briefed.

**Factual and Procedural Background**

This case concerns damage to Plaintiff's home in Moore, Oklahoma, in May 2013 that was covered by a State Farm homeowner's insurance policy. Plaintiff sued State Farm in the District Court of Cleveland County, Oklahoma, on September 30, 2013, claiming that State Farm failed to pay the full amount due under the policy and breached its duty of good faith and fair dealing. Plaintiff also sued the State Farm agent who sold her the policy, Terry

Cavnar ("Cavnar"), asserting claims of negligence, constructive fraud, and breach of fiduciary duty. Plaintiff claims that Cavnar failed to exercise reasonable care and skill in procuring a replacement cost policy that would provide the coverage she requested, failed to inform Plaintiff that she would have to bear the expense of replacement before she could obtain replacement cost benefits, and failed to monitor the policy for adequate coverage in subsequent years.

The parties litigated this case, and others like it, for almost a year before State Farm removed it to federal court on September 18, 2014, pursuant to 28 U.S.C. §§ 1441 and 1446. State Farm invokes diversity jurisdiction under 28 U.S.C. § 1332 based on an assertion that Cavnar was fraudulently joined because Plaintiff's "claims against Cavnar lack both factual and legal basis." *See* Notice of Removal [Doc. No. 1], ¶ 8. Further, State Farm contends the case became removable, and that its Notice of Removal was timely filed, within 30 days of Plaintiff's filing a motion to quash a notice to take her deposition. State Farm's position is that certain statements made by Plaintiff's counsel in a hearing on July 21, 2014, together with Plaintiff's refusal to be deposed before the one-year removal deadline of 28 U.S.C. § 1446(c)(1), allowed it to ascertain removability. *Id*. ¶ 33.

As stated above, Plaintiff challenges both State Farm's allegations of fraudulent joinder and the timeliness of removal. Plaintiff contends nothing has occurred during the litigation that caused the case to become removable, and State Farm has not identified any "motion, order or other paper" which triggered its right of removal under § 1446(b)(3). Plaintiff also contends State Farm waived any right of removal by defending the case in state

court rather than removing it. Plaintiff argues that her petition states viable claims against Cavnar and that State Farm lacks any evidence that would defeat her claims. Because the Court finds that State Farm has failed to establish the timeliness of its removal, the Court limits the discussion of Plaintiff's arguments to this issue.

## Standard of Decision

The timeliness of removal depends on State Farm's compliance with the statutory procedure set forth in § 1446(b), which requires the filing of a notice of removal "within 30 days after the receipt by the defendant . . . of a copy of the initial pleading" or "if the case stated by the initial pleading is not removable, . . . within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *See* 28 U.S.C. § 1446(b)(1), (3). Where, as here, a defendant relies on the latter provision, the 30-day time limit begins to run when the defendant with a right to remove receives unequivocal notice, normally as a result of a voluntary act of the plaintiff, from which "the defendant is able to intelligently ascertain removability." *See Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1078 (10th Cir. 1999) (internal quotation omitted); *see also Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1035-36 (10th Cir. 1998).

**Discussion**

State Farm asserts that Plaintiff's motion to quash the notice of her deposition "constituted the 'other paper' providing State Farm with unequivocal notice that this case was removable." *See* State Farm's Resp. Br. [Doc. No. 13], p.13; *see also* Notice of Removal [Doc. No. 1], ¶ 33. This is so, State Farm argues, because the motion confirmed that statements Plaintiff's counsel had made in the July 21, 2014 hearing regarding other cases also applied to this case. *Id*. pp.13-14.

The statements of counsel to which State Farm refers were also presented in *Misner v. State Farm Fire & Cas. Co.*, Case No. CIV-14-873-D (W.D. Okla.), as a basis for removability. The undersigned carefully examined those statements in *Misner* and rejected State Farm's position that "counsel's statements [were] concessions that Plaintiffs' testimony would not provide factual support for their claims against [the local agent]." *See id*. Order of Dec. 4, 2014, p. 8 (available at 2014 WL 6879094, *4). Plaintiff's counsel "did not provide any facts or make any concessions bearing on the issue of whether Plaintiffs' claims against [the agent] were factually supported or supportable." *Id*. 2014 WL 6879094 at *5. Accordingly, the Court finds that neither these statements nor Plaintiff's motion allegedly adopting them triggered the removability of this case.

Alternatively, State Farm urges the Court to find that the removal of Plaintiff's case was timely because "Plaintiff waived any defects in State Farm's compliance with the removal procedure set forth in 28 U.S.C. § 1446(b)." *See* State Farm's Resp. Br. [Doc. No. 13], p.14. Although State Farm is correct that a procedural defect in removal can be

4

waived, it provides no legal authority for the proposition that a litigant's conduct in state court may operate as a prospective waiver of an improper removal. In a footnote, State Farm cites two treatises as support for its contention that Plaintiff's conduct in delaying her deposition should operate as a waiver of her right to remand. These authorities are not on point. The type of conduct that may operate as a waiver is "affirmative federal court conduct by the plaintiff." *See* 29A Fed. Proc. L. Ed. § 69:129. In this case, Plaintiff has not engaged in any such conduct.[1] Further, following amendment of the removal statutes in 2011, an exception to the one-year time limit for removal is expressly provided if a plaintiff engages in conduct in state court that prevents removal, as State Farm now appears to contend. *See* 28 U.S.C. § 1446(c)(1).

State Farm requests that it be permitted to conduct jurisdictional discovery "in the event the Court determines that the current record is not sufficient to establish the fraudulent joinder of the non-diverse defendant." *See* State Farm's Mot. Conduct Jurisdictional Discovery [Doc. No. 14], p.1. Because the Court does not reach the issue of fraudulent joinder, this request is unnecessary to the decision.

Finally, Plaintiff requests that she be awarded a reasonable attorney fee and costs incurred as a result of Defendant's improper removal, as permitted by § 1447(c). "[T]he award of attorney's fees rests squarely within the discretion of the district court when a remand is ordered." *Martin v. Franklin Capital Corp.*, 393 F.3d 1143, 1146 (10th Cir. 2004).

---

[1] If Plaintiff's state court conduct were considered, the Court would not find unequivocal conduct or a statement of position that might operate as a waiver of Defendant's improper removal of the case.

Where a defendant's "removal position was objectively reasonable at the time [it] sought removal," a district court may properly decline to award fees to the plaintiff. *Id*. at 1147-48. The Court finds that to be the situation here, and exercises its discretion not to require the payment of costs and expenses, including attorney fees.

**Conclusion**

For these reasons, the Court concludes that the case was improperly removed and must be remanded, but that an award of costs and expenses should not be ordered.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand [Doc. No. 7] is GRANTED and Defendant's Alternative Motion to Conduct Jurisdictional Discovery [Doc. No. 14] is DENIED. This case is REMANDED to the District Court of Cleveland County, Oklahoma.

IT IS SO ORDERED this 24th day of February, 2015.

TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE